UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:23-cv-01181-JLS-JC                                           Date: August 29, 2023
Title:  Brandon Hsu v. Allstate Insurance Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   Gabby Garcia   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 11)**

Before the Court is Plaintiffs Brandon Hsu and Hung Tsao's (collectively, "Plaintiffs") Motion to Remand.  (Mot., Doc. 11).  Defendant Allstate Insurance Company ("Defendant") opposed, and Plaintiffs replied.  (Opp., Doc. 14; Reply, Doc. 15).  The Court finds this matter appropriate for decision without oral argument, and the hearing set for September 1, 2023, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiffs' Motion and REMANDS the action to the Superior Court of California for the County of San Bernadino, Case No. CIV SB 2308780.

### I.     BACKGROUND

On April 13, 2023, Plaintiffs filed a lawsuit in the Superior Court of California for the County of San Bernardino against Defendant and Does 1–25.  (Compl., Doc. 3-2).  On May 19, 2023, Defendant was served with a copy of the Summons and Complaint.  (Notice of Removal, Doc. 3 at ¶ 2; Mot., Doc 11. at 1).  On June 23, 2023, Defendant removed this action to this Court.  (Notice of Removal, Doc. 3).  Defendant's removal was based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01181-JLS-JC                                               Date: August 29, 2023
Title:  Brandon Hsu v. Allstate Insurance Company et al

On July 10, 2023, the Court issued an Order re Untimely Removal, noting that Defendant did not file its Notice of Removal within the 30-day timeframe imposed by 28 U.S.C. § 1446(b).  (Order re Untimely Removal, Doc. 10).  "Because untimely removal is a procedural, not a jurisdictional, defect," the Court instructed Plaintiffs to "file either a notice of waiver of the defect or a motion to remand."  (*Id.*).  Plaintiffs chose the latter option and moved to remand on the basis of untimely removal.  (Mot., Doc 11).

## II.  LEGAL STANDARD

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  But where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).

## III.  DISCUSSION

Defendant failed to file its Notice of Removal within 30 days of its "receipt . . . of a copy of the initial pleading."  *Id.* § 1446(b)(1).  Plaintiffs served Defendant a copy of the Summons and Complaint on May 19, 2023.  (Notice of Removal, Doc. 3 at ¶ 2; Mot., Doc 11. at 1).  As such, Defendant was required to file its Notice of Removal by June 20, 2023.  *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1).  Defendant, however, did not file its Notice of Removal until June 23, 2023.  (Notice of Removal, Doc. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01181-JLS-JC                                                                  Date: August 29, 2023
Title:  Brandon Hsu v. Allstate Insurance Company et al

    In its opposition to Plaintiffs' motion to remand, Defendant makes two arguments that its Notice of Removal was timely filed, but neither is persuasive.  First, Defendant notes that, within 30 days of its receipt of the Summons and Complaint, it filed its Rule 7.1 Corporate Disclosure Statement and received confirmation that it paid a filing fee.  (Opp., Doc. 14 at 2; Corporate Disclosure Statement, Doc. 1; Payment Confirmation, Doc. 14-3).  Filing of this Corporate Disclosure Statement did not excuse Defendant from its obligation under 28 U.S.C. § 1446(b) to timely file its Notice of Removal.  Second, Defendant argues that Plaintiffs' complaint did not trigger the 30-day removal period, contending that the complaint lacked sufficient allegations about Plaintiffs' citizenship to allow Defendant to ascertain that the action was removable under diversity jurisdiction.  (Opp., Doc. 14 at 2–3).  The Complaint squarely alleges Plaintiffs' citizenship: "[A]t all relevant times[,] [Plaintiffs] were residents of the County of San Bernardino and were citizens of the State of California."  (Compl., Doc. 3-2 at ¶ 1).

**IV.     CONCLUSION**

    Because Defendant did not timely remove, this action is REMANDED to the Superior Court of California for the County of San Bernadino, Case No. CIV SB 2308780.

Initials of Deputy Clerk: gga